# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL GREEN,

      Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,
also known as AUTO-OWNERS INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
January 2, 2018

No. 333315
Macomb Circuit Court
LC No. 2015-004584-AV

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

JANSEN, J. (*dissenting*)

Because I believe summary disposition in this case was premature under the principles espoused by our Supreme Court in *Dillon v State Farm Mut Auto Ins Co*, ___ Mich ___ ; 902 NW2d 892 (2017) (Docket No. 153936), I respectfully dissent. I would reverse the order granting defendant's motion for summary disposition and remand the matter for further proceedings.

I believe that the majority's interpretation of *Dillon* is unnecessarily narrow. Under *Dillon*, generalized notice of injury is not enough to satisfy the statutory notice requirement of MCL 500.3145(1). *Id*. at ___, slip op at 1. However, as the *Dillon* Court explains, the language of MCL 500.3145(1) indicates a Legislative intent to allow claimants an opportunity to comply with the statutory notice requirements "without recourse to specialist assistance" or a "precise medical diagnosis." *Id*. at ___, slip op at 2. Under *Dillon*, a layperson's "description of symptoms that are traceable to a diagnosed injury is sufficient to constitute" proper notice under MCL 500.3145(1). *Id*.

In this case, plaintiff provided notice of his injury within a month of his motor vehicle accident and described in ordinary language the symptoms that were known to him at that time. Defendant did not dispute the adequacy of plaintiff's initial notice, and approved the initial provision of benefits. Thereafter, plaintiff continued to seek treatment for various bodily pains until, according to plaintiff, his current physician finally ordered the MRI that revealed plaintiff's neck fracture injury. It was at this point that defendant refused to pay additional benefits for the neck injury. Although plaintiff's neck fracture injury was not discovered within one year after

-1-

his motor vehicle accident, the delayed discovery was not attributable to plaintiff. Plaintiff actively pursued treatment and was hindered by his need to rely on the advice of physicians.

Dismissal under MCL 500.3145(1) of plaintiff's claim for PIP benefits to address additional symptoms, after plaintiff submitted a timely and specific notice and defendant agreed to provide benefits, cannot be the result our Supreme Court anticipated in *Dillon*. As previously mentioned, the *Dillon* Court acknowledged that compliance with MCL 500.3145(1) should not require recourse to specialist assistance. *Dillon*, ___ Mich at ___, slip op at 2. Indeed, plaintiff's situation is very similar to the plaintiff's in *Dillon*. In that case, the plaintiff's initial notice described injuries causing pain to her left shoulder and lower back. *Id*. In a situation similar to plaintiff's here, the *Dillon* plaintiff sought treatment years after her motor vehicle accident and initial notice for an injury to her left hip. *Id*. Despite the fact that the plaintiff's initial notice had not specifically described the symptom of hip pain, the Court held that the plaintiff was entitled to benefits for treatment of the hip injury because the plaintiff's doctor testified that "the hip injury could have created the lower back pain," and the jury found that the injury to her left hip "was caused by the same accident." *Id*. The Court held that because the plaintiff's "initial notice can be traced to the eventual injury [it] was sufficient for the purposes of MCL 500.3145(1)." *Id*.

At the very least, *Dillon* suggests that questions of fact remain regarding whether plaintiff's initial notice can be traced to plaintiff's eventual neck fracture injury. A court considering the propriety of summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10) must accept as true plaintiff's assertions of fact and construe them in a light most favorable to plaintiff. *Dextrom v Wexford Co*, 287 Mich App 406, 415, 428-429; 789 NW2d 211 (2010). Plaintiff claims that his physician will testify that his neck fracture injury was a direct result of his 2012 motor vehicle accident. Should plaintiff's expert establish a link between plaintiff's initial injury and the later-discovered neck fracture injury, plaintiff's notice would be sufficient and his case would not be barred for failure to provide timely notice under MCL 500.3145(1). Defendant brought its motion for summary disposition less than three months after plaintiff filed his complaint in the district court, and before plaintiff could produce an expert affidavit or depose an expert witness. Summary disposition was therefore prematurely granted. See *Marilyn Froling Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009) (explaining that in general, summary disposition is generally "premature if it is granted before discovery on a disputed issue is complete."). Plaintiff should be given the opportunity to make his case on its merits.

For these reasons, I would reverse the decision of the circuit court and remand with instructions to reverse the district court's grant of summary disposition and allow plaintiff's case to proceed.

/s/ Kathleen Jansen